✎JS 44   (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

Julie Diaz

**DEFENDANTS**

Saucon Valley Manor, Inc. and
Nimita Kapoovratyeh

**(b)** County of Residence of First Listed Plaintiff   Northampton
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant   Lehigh
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Tiffanie C. Benfer, Esquire
Hardwick Collier, LLC  179 N. Broad St. Doylestown

Attorneys (If Known)

## II. BASIS OF JURISDICTION   (Place an "X" in One Box Only)

| | | |
|---|---|---|
| ❑ 1  U.S. Government Plaintiff | ☒ 3  Federal Question (U.S. Government Not a Party) | |
| ❑ 2  U.S. Government Defendant | ❑ 4  Diversity (Indicate Citizenship of Parties in Item III) | |

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ❑ 1 | ❑ 1 | Incorporated or Principal Place of Business In This State | ❑ 4 | ❑ 4 |
| Citizen of Another State | ❑ 2 | ❑ 2 | Incorporated and Principal Place of Business In Another State | ❑ 5 | ❑ 5 |
| Citizen or Subject of a Foreign Country | ❑ 3 | ❑ 3 | Foreign Nation | ❑ 6 | ❑ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ❑ 110 Insurance | **PERSONAL INJURY** | ❑ 610 Agriculture | ❑ 422 Appeal 28 USC 158 | ❑ 400 State Reapportionment |
| ❑ 120 Marine | ❑ 310 Airplane | ❑ 362 Personal Injury - | ❑ 620 Other Food & Drug | ❑ 423 Withdrawal | ❑ 410 Antitrust |
| ❑ 130 Miller Act | ❑ 315 Airplane Product | Med. Malpractice | ❑ 625 Drug Related Seizure | 28 USC 157 | ❑ 430 Banks and Banking |
| ❑ 140 Negotiable Instrument | Liability | ❑ 365 Personal Injury - | of Property 21 USC 881 | | ❑ 450 Commerce |
| ❑ 150 Recovery of Overpayment | ❑ 320 Assault, Libel & | Product Liability | ❑ 630 Liquor Laws | **PROPERTY RIGHTS** | ❑ 460 Deportation |
| & Enforcement of Judgment | Slander | ❑ 368 Asbestos Personal | ❑ 640 R.R. & Truck | ❑ 820 Copyrights | ❑ 470 Racketeer Influenced and |
| ❑ 151 Medicare Act | ❑ 330 Federal Employers' | Injury Product | ❑ 650 Airline Regs. | ❑ 830 Patent | Corrupt Organizations |
| ❑ 152 Recovery of Defaulted | Liability | Liability | ❑ 660 Occupational | ❑ 840 Trademark | ❑ 480 Consumer Credit |
| Student Loans | ❑ 340 Marine | **PERSONAL PROPERTY** | Safety/Health | | ❑ 490 Cable/Sat TV |
| (Excl. Veterans) | ❑ 345 Marine Product | ❑ 370 Other Fraud | ❑ 690 Other | | ❑ 810 Selective Service |
| ❑ 153 Recovery of Overpayment | Liability | ❑ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ❑ 850 Securities/Commodities/ |
| of Veteran's Benefits | ❑ 350 Motor Vehicle | ❑ 380 Other Personal | ❑ 710 Fair Labor Standards | ❑ 861 HIA (1395ff) | Exchange |
| ❑ 160 Stockholders' Suits | ❑ 355 Motor Vehicle | Property Damage | Act | ❑ 862 Black Lung (923) | ❑ 875 Customer Challenge |
| ❑ 190 Other Contract | Product Liability | ❑ 385 Property Damage | ❑ 720 Labor/Mgmt. Relations | ❑ 863 DIWC/DIWW (405(g)) | 12 USC 3410 |
| ❑ 195 Contract Product Liability | ❑ 360 Other Personal | Product Liability | ❑ 730 Labor/Mgmt.Reporting | ❑ 864 SSID Title XVI | ❑ 890 Other Statutory Actions |
| ❑ 196 Franchise | Injury | | & Disclosure Act | ❑ 865 RSI (405(g)) | ❑ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ❑ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ❑ 892 Economic Stabilization Act |
| ❑ 210 Land Condemnation | ❑ 441 Voting | ❑ 510 Motions to Vacate | ❑ 790 Other Labor Litigation | ❑ 870 Taxes (U.S. Plaintiff | ❑ 893 Environmental Matters |
| ❑ 220 Foreclosure | ☒ 442 Employment | Sentence | ❑ 791 Empl. Ret. Inc. | or Defendant) | ❑ 894 Energy Allocation Act |
| ❑ 230 Rent Lease & Ejectment | ❑ 443 Housing/ | **Habeas Corpus:** | Security Act | ❑ 871 IRS—Third Party | ❑ 895 Freedom of Information |
| ❑ 240 Torts to Land | Accommodations | ❑ 530 General | | 26 USC 7609 | Act |
| ❑ 245 Tort Product Liability | ❑ 444 Welfare | ❑ 535 Death Penalty | **IMMIGRATION** | | ❑ 900Appeal of Fee Determination |
| ❑ 290 All Other Real Property | ❑ 445 Amer. w/Disabilities - | ❑ 540 Mandamus & Other | ❑ 462 Naturalization Application | | Under Equal Access |
| | Employment | ❑ 550 Civil Rights | ❑ 463 Habeas Corpus - | | to Justice |
| | ❑ 446 Amer. w/Disabilities - | ❑ 555 Prison Condition | Alien Detainee | | ❑ 950 Constitutionality of |
| | Other | | ❑ 465 Other Immigration | | State Statutes |
| | ❑ 440 Other Civil Rights | | Actions | | |

## V. ORIGIN   (Place an "X" in One Box Only)

☒ 1 Original Proceeding   ❑ 2 Removed from State Court   ❑ 3 Remanded from Appellate Court   ❑ 4 Reinstated or Reopened   ❑ 5 Transferred from another district (specify)   ❑ 6 Multidistrict Litigation   ❑ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
42 U.S.C. § 12101

Brief description of cause:
disability discrimination

## VII. REQUESTED IN COMPLAINT:

❑ CHECK IF THIS IS A CLASS ACTION
UNDER F.R.C.P. 23

**DEMAND $** IN EXCESS OF $150,000

CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☒ Yes   ❑ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):   JUDGE _____   DOCKET NUMBER _____

DATE
1-26-12

SIGNATURE OF ATTORNEY OF RECORD
Tiffanie C. Benfer

## FOR OFFICE USE ONLY

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

## UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: 49 E. Saucon St., Hellertown, Pa. 18055

Address of Defendant: 1177 6th St., Whitehall, Pa. 18052

Place of Accident, Incident or Transaction: Pennsylvania
(Use Reverse Side For Additional Space)

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))     Yes☐ No☒

Does this case involve multidistrict litigation possibilities?     Yes☐ No☒
RELATED CASE, IF ANY:
Case Number: _____ Judge _____ Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
     Yes☐ No☒

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?
     Yes☐ No☒

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?
     Yes☐ No☒

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?
     Yes☐ No☒

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. Federal Question Cases:
1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☒ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases
    (Please specify)

B. Diversity Jurisdiction Cases:
1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
    (Please specify)

### ARBITRATION CERTIFICATION
(Check Appropriate Category)
I, Tiffanie C. Benfer, counsel of record do hereby certify:
☐ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;
☐ Relief other than monetary damages is sought.

DATE: 1·26·12          _____          202096
                              Attorney-at-Law                    Attorney I.D.#

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 1·26·12          _____          202096
                              Attorney-at-Law                    Attorney I.D.#

CIV. 609 (6/08)

# UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: 49 E. Saucon St., Hellertown, Pa. 18055

Address of Defendant: 1177 6th St., Whitehall, Pa. 18052

Place of Accident, Incident or Transaction: Pennsylvania
(Use Reverse Side For Additional Space)

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?

(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))          Yes☐   No☒

Does this case involve multidistrict litigation possibilities?          Yes☐   No☒

*RELATED CASE, IF ANY:*

Case Number: _____ Judge _____ Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?

          Yes☐   No☒

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?

          Yes☐   No☒

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?          Yes☐   No☒

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?

          Yes☐   No☒

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. *Federal Question Cases:*
1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☒ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases
    (Please specify)

B. *Diversity Jurisdiction Cases:*
1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
    (Please specify)

## ARBITRATION CERTIFICATION
*(Check Appropriate Category)*

I, Tiffanie C. Benfer , counsel of record do hereby certify:

☐ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

☐ Relief other than monetary damages is sought.

DATE: 1-26-12          _____          202096
                        Attorney-at-Law              Attorney I.D.#

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 1-26-12          _____          202096
                        Attorney-at-Law              Attorney I.D.#

CIV. 609 (6/08)

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

CASE MANAGEMENT TRACK DESIGNATION FORM

Julie Diaz
v.
Saucon Valley Manor, Inc.
and Nimita Kapoorati yeh

:                           CIVIL ACTION
:
:
:                           NO.

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

## SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.            ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
    and Human Services denying plaintiff Social Security Benefits.                 ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.  ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from
    exposure to asbestos.                                                          ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
    commonly referred to as complex and that need special or intense management by
    the court. (See reverse side of this form for a detailed explanation of special
    management cases.)                                                             ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.  (✓)

| | | |
|---|---|---|
| 1-26-12 | Julla C. Benfer | Plaintiff |
| **Date** | **Attorney-at-law** | **Attorney for** |
| 215-230-1912 | 215-230-1913 | tbenfer@hardwickcollier.com |
| **Telephone** | **FAX Number** | **E-Mail Address** hfrey@hardwickcollier.com |

(Civ. 660) 10/02

United States District Court
Eastern District Of Pennsylvania
United States Courthouse
Independence Mall West
601 Market Street
Philadelphia, PA 19106-1797

*Chambers of*
*James T. Giles*
*Chief Judge*

*Clerk's Office*
*Room 2609*
*Telephone*
(215)597-7704

*Michael E. Kunz*
*Clerk of Court*

## NOTICE OF RIGHT TO CONSENT TO EXERCISE OF JURISDICTION
## BY A UNITED STATES MAGISTRATE JUDGE

The district judges of this Court have found that the United States magistrate judges are experienced judicial officers who have regularly handled the disposition of hundreds of civil cases through motions and trials and are fully qualified to try any civil cases arising before this Court.

In accordance with the provisions of 28 U.S.C. §636(c), you are hereby notified that pursuant to Local Rules 72.1(h), the United States magistrate judges of this district, in addition to their other duties, may, upon the consent of all the parties in a civil case, conduct any or all proceedings in a civil case, including a jury or non-jury trial, and order the entry of a final judgement. Appropriate consent forms for this purpose are available from the clerk of court.

Your decision to consent, or not to consent, to the referral of your case to a United States magistrate judge for disposition is entirely voluntary and should be communicated solely to the clerk of the district court. Only if all the parties in the case consent to the reference to a magistrate judge will either the judge or magistrate judge be informed of your decision. **If you decide to consent, your case will receive a date certain for trial**.

No action eligible for arbitration will be referred by consent of the parties until the arbitration has been concluded and trail *de novo* demanded pursuant to Local Rules 53.2 , Paragraph 7. The Court may, for good cause shown, or on its own motion, or under extraordinary circumstances shown by any party, vacate a reference of a civil matter to a magistrate judge.

When a case is referred to a magistrate judge for all further proceedings, including the entry of final judgement, the final judgement shall be appealed directly to the Court of Appeals for the Third Circuit in the same manner as an appeal from any other judgement of a district court.

Nothing herein shall be construed to be a limitation of any party's right to seek review by the Supreme Court of the United States.

JAMES T. GILES
CHIEF JUDGE

MICHAEL E. KUNZ
CLERK OF COURT

Civ. 635(2/99)

**HARDWICK COLLIER, LLC**
**BY:    VIRGINIA HARDWICK, ESQ.  (Attorney I.D. No. 202649)**
         **TIFFANIE C. BENFER, ESQ. (Attorney I.D. No. 202096)**
179 North Broad Street
Doylestown, PA. 18901                                    Attorneys for Plaintiff

---

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **JULIE DIAZ** | No. _____ |
| 49 E. Saucon Street, | |
| Hellertown, PA 18055 | |
| | |
|      Plaintiff, | |
| | |
|      v. | |
| | Jury Trial Demanded |
| **SAUCON VALLEY MANOR, INC.** | |
| 1177 6th Street | |
| Whitehall, PA 18052 | |
| | |
|      and | |
| | |
| **NIMITA KAPOORATIYEH** | |
| **A/K/A NEMITA ATIYEH** | |
| **A/K/A NEMO AIYAH** | |
| 1177 6th Street | |
| Whitehall, PA 18052 | |
| | |
|      Defendants. | |

## COMPLAINT

### I.     INTRODUCTION

1.      This action for equitable, monetary, and other relief is brought by Plaintiff,

Julie Diaz, to redress intentional violations by Defendants, Saucon Valley Manor, Inc. and

Nimita Kappooratiyeh, a/k/a Nemita Atiyeh, and a/k/a Nemo Aiyah, of rights secured by

the laws of the United States and the statutory and common law of the Commonwealth of

Pennsylvania.

## II.    JURISDICTION

2.    This action is brought pursuant to the Americans with Disabilities Act of 1990 (ADA) and the Americans with Disabilities Amendments Act (ADAAA), 42 U.S.C. §§ 12101, et seq.; the Family Medical Leave Act (FMLA), 29 U.S.C. § 1601, et seq.; to 28 U.S.C. §1331; the Pennsylvania Human Relations Act (PHRA), 42 P.S. §951, et seq., as amended, 1991; and § 504 of the Rehabilitation Act of 1973, 29 U.S.C.A. § 794.

3.    Plaintiff, Julie Diaz, has exhausted federal and state administrative remedies.  Plaintiff filed her charge with the Equal Employment Opportunity Commission ("EEOC"), Charge No. 530-2011-00649, on or around October 21, 2010, and it was dual filed with the Pennsylvania Human Rights Commission ("PHRC"), Complaint No. 201005436. On November 4, 2011, the EEOC issued a Right-to-Sue letter. This suit is timely filed.

4.    State law claims asserted under the PHRA and Pennsylvania common law are before this Honorable Court pursuant to 28 U.S.C. §1367, supplemental jurisdiction.

## III.    VENUE

5.    All actions complained of herein took place within the jurisdiction of the United States District Court for the Eastern District of Pennsylvania as the place in which the claims arose, and the place where Saucon Valley Manor, Inc. conducts business.

6.    Venue is accordingly invoked pursuant to the dictates of 28 U.S.C. §1391(b) and 42 U.S.C. §2000e-5(f)(3).

## IV.    PARTIES

7.    Plaintiff, Julie Diaz (hereinafter "Plaintiff or "Ms. Diaz") is an adult female who currently resides at 49 E. Saucon Street, Hellertown, Pennsylvania 18055.

2

8.     Defendant Saucon Valley Manor, Inc. (hereinafter "Saucon Valley") is a corporation of the Commonwealth of Pennsylvania with a principal place of business at 1177 6th Street, Whitehall, Pennsylvania 18052, and is an employer within the meaning of the applicable legislation cited herein.

9.     Saucon Valley Manor, Inc. receives Medicare and is therefore a recipient of federal funding under the Rehabilitation Act of 1973, 29 U.S.C.A. § 794.

10.    Defendant Nemita Kapooratiyeh, a/k/a Nemita Atiyeh, and a/k/a Nemo Aiyah, is the President of Saucon Valley Manor, Inc., 1177 6th Street, Whitehall, Pennsylvania 18052.

## V.     **FACTUAL BACKGROUND**

11.    In December 2007, Ms. Diaz was employed by Saucon Valley as a cook at its facility located at 105 Main Street, Hellertown PA 18005.

12.    From 2007 through 2010, Ms. Diaz never received a negative performance evaluation.

13.    From 2007 through 2010, Ms. Diaz had no problem with attendance or tardiness.

14.    Plaintiff's direct supervisor was Cindy Fox, the Dietary Manager.

15.    In March 2009, Ms. Diaz was allegedly "randomly tested" for alcohol at work, and the test came back positive. Ms. Diaz was sent home and received a verbal written warning.

16.    On March 1, 2010, Ms. Diaz's father died.

17.    On March 2, 2010, Ms. Diaz went to work despite being distraught over the devastating news of her father's death.

3

18. Ms. Fox sent Ms. Diaz home shortly after Ms. Diaz arrived at work on March 2nd.

19. After she arrived at home on March 2, 2010, Ms. Diaz received a call from Melissa Stroble, a supervisor. Ms. Stroble informed Ms. Diaz that she was fired for being intoxicated at work.

20. Ms. Diaz informed Ms. Stroble she had not been drinking and that her father had died the day before.

21. Ms. Stroble offered Ms. Diaz the opportunity to be tested for alcohol. Ms. Diaz agreed to be tested.

22. Within minutes of Ms. Diaz's telephone conversation with Ms. Stroble, a Saucon Valley employee arrived at Ms. Diaz's house and drove her to Bethlehem Medical Center for a U.S. DOT Breath Alcohol Test.

23. The test results were "negative".

24. On information and belief, Ms. Diaz's negative test results were passed onto the Defendant almost immediately.

25. On the afternoon of March 2, 2010, Ms. Diaz contacted Ms. Stroble because no one from Saucon Valley had contacted her. Ms. Diaz informed Ms. Stroble that she had passed the test. Ms. Stroble indicated that she already knew the results.

26. Ms. Stroble instructed Ms. Diaz to contact Nemita Atiyeh, the President of Saucon Valley, to discuss the status of her job.

27. On March 2, 2010, Ms. Diaz contacted Ms. Atiyeh directly and informed her that her father had passed away the day before. Ms. Atiyeh told Ms. Diaz that she could have her job back.

4

28.     Ms. Diaz met with Carloyn (LNU) in Human Resources to drop off her father's obituary in order to get paid for grievance time off.  At this meeting, Carolyn (LNU) presented Ms. Diaz with a document.  Carolyn (LNU) informed Ms. Diaz that Ms. Atiyeh insisted that Ms. Diaz had to sign the document in order to keep her job.

29.     On June 10, 2010, Ms. Diaz received her yearly evaluation.  She received excellent in all seven categories and her overall performance was rated excellent.  Ms. Diaz was also praised for taking charge in Ms. Fox's absence while Ms. Fox was out on a medical leave of absence for surgery.

30.     In June 2010, Ms. Diaz informed Ms. Fox that she would need to take medical leave in July 2010 in order to receive treatment at an in-patient treatment center of alcoholism.

31.     Ms. Fox informed Ms. Diaz that this would not be a problem and her job would be there when she returned.

32.     Ms. Diaz asked Ms. Stroble and Ms. Fox for the documents necessary to take a leave of absence.

33.     Ms. Stroble and Ms. Fox told Ms. Diaz not to worry about the paperwork because Ms. Diaz did not know the exact date when she would begin her leave of absence.

34.     Ms. Diaz suffers from alcoholism that substantially limits her major life activities.  By way of example, it eventually severely impacted her ability to sleep and eat over an extended period of time.

35.     On July 23, 2010, Ms. Diaz entered Keystone Center, an in-patient treatment rehabilitation facility (hereinafter "facility").

36.     On information and belief, Ms. Atiyeh instructed Ms. Fox to request documentation from the treatment center that reflected the date Ms. Diaz entered the program and the date she was to be released.

37.     In response, the treatment center faxed a letter dated July 23, 2010 to the Defendant, Saucon Valley Manor, Attn: Neno, that stated, "Julie Diaz was admitted to the Intensive Impatient Program at Keystone Center on July 23, 2010 and she is scheduled to be discharged on August 23, 2010."

38.     On three separate occasions, Ms. Fox spoke with Ms. Diaz while she was staying at the treatment center.

39.     The third conversation between Ms. Fox and Ms. Diaz took place on or about Thursday, August 19, 2010, while Ms. Diaz was still at the treatment center.  Ms. Fox informed Ms. Diaz that Ms. Atiyeh had terminated her employment.

40.     Ms. Fox informed Ms. Diaz that she was terminated because she took a leave of absence to receive treatment at an inpatient treatment facility.

41.     At the time Ms. Diaz was terminated, she had been out of work on FMLA leave for 30 days.

42.     Ms. Diaz has a disability as defined by the ADAAA Act, and as defined by the PHRA.

43.     Ms. Diaz is a qualified person with a disability in that she had a substantial impairment of the major life activities of sleeping and eating.

44.     Ms. Diaz was a qualified person with a disability in that she could perform the essential functions of her job with a reasonable accommodation, a leave of absence for less than 30 days in order to attend an impatient treatment program.

45.     Ms. Diaz's request for leave of absence in order to attend inpatient treatment for alcoholism was a reasonable accommodation.

46.     Ms. Diaz had a history of impairment of a major life activity and/or was regarded by Defendants as having such impairment.

47.     Defendants terminated Ms. Diaz's employment because of her disability or because the Defendants regarded her as disabled. Plaintiff was informed that she was being terminated for seeking treatment for alcoholism.

48.     Saucon Valley terminated Ms. Diaz's employment in retaliation for exercising her rights under FMLA. Ms. Diaz was terminated while out on FMLA leave.

49.     As a direct and proximate result of the unlawful employment practices of Saucon Valley, Ms. Diaz has suffered damages including but not limited to lost income, lost benefits, emotional distress, and loss of enjoyment of life.

## COUNT I

### PLAINTIFF'S CLAIMS UNDER THE AMERICANS WITH DISABILITIES ACT
### 42 U.S.C. § 12101, et seq.
### AGAINST DEFENDANT SAUCON VALLEY

50.     Plaintiff incorporates by reference the preceding paragraphs of this Complaint.

51.     At all times material hereto, Plaintiff is, and was a qualified individual with a "disability" within the meaning of the ADA, as amended by the ADA-AAA, as defined at 42 U.S.C. § 12102(2), 29 C.F.R. § 1630.2(g), in that she has a physical or mental impairment that limits one or more of her major life activities, has a record of such impairments, and/or is perceived and regarded by Defendants as having such an

7

impairment. Plaintiff is substantially limited in the major life activities of eating and sleeping.

52.     Mr. Diaz was wholly qualified to perform her former position with the Defendant, Saucon Valley. Ms. Diaz performed her job without receiving any negative feedback for three years prior to the events addressed in this complaint.

53.     To date, no questions as to Mr. Diaz's qualifications or performance have surfaced.

54.     Ms. Diaz was subject to adverse employment action, termination, as a result of her disability.

55.     Defendant's deliberate discrimination and harassment of Plaintiff including but not limited to terminating her employment because of her disability, her record of disability and/or her perceived disability is unlawful discrimination and is in violation of the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, et. seq. This conduct has caused Plaintiff to suffer emotional distress, mental anguish, monetary loss, wage loss, loss of self-esteem, personal humiliation, and loss of enjoyment of life.

**WHEREFORE**, Plaintiff, Julie Diaz, respectfully requests judgment in her favor and against Defendant, Saucon Valley for compensatory and punitive damages in an amount exceeding One Hundred Fifty Thousand ($150,000) Dollars, plus costs of this action, reimbursement of back pay with interest, front pay, attorneys fees, and such other relief as the Court may deem just, proper, and appropriate in the circumstances of this case.

8

## COUNT II

### PLAINTIFF'S CLAIMS UNDER THE PENNSYLVANIA HUMAN RELATIONS ACT (43 P.S. §951, et seq.) AGAINST DEFENDANT SAUCON VALLEY

#### Disability Discrimination

56.     Plaintiff incorporates by reference the preceding paragraphs of this Complaint.

57.     Pennsylvania's Human Relations Act, 43 P.S. §951, et seq, provides for compensatory damages in appropriate cases of violation of the Act's prohibition of discrimination based on a disability.

58.     Defendant's deliberate discrimination of Plaintiff through termination of her employment because of her disability, her record of disability and/or her perceived disability is unlawful discrimination and is in violation of the Pennsylvania Human Relations Act, 43 P.S. § 951 et seq. This conduct has caused Plaintiff to suffer emotional distress, mental anguish, monetary loss, wage loss, loss of self-esteem, personal humiliation, and loss of enjoyment of life.

59.     The egregious nature of Defendant's illegal misconduct and the extent of Plaintiff's financial, physical, and emotional injuries and damages justify a recovery of monetary damages for the value of Plaintiff's claims, and the facts and circumstances of this case entitle Plaintiff to additional damages under state law.

    **WHEREFORE**, Plaintiff, Julie Diaz, respectfully requests judgment in her favor and against Defendant, Saucon Valley for compensatory and punitive damages in an amount exceeding One Hundred Fifty Thousand ($150,000) Dollars, plus costs of this

9

action, reimbursement of back pay with interest, front pay, attorney's fees, and such other relief as the Court may deem just, proper, and appropriate in the circumstances of this case.

## COUNT III

### PLAINTIFF'S CLAIMS UNDER THE AMERICANS WITH DISABILITIES ACT 42 U.S.C. § 12101, et seq. AGAINST DEFENDANTS SAUCON VALLEY

#### Failure to Accommodate and Retaliation for Requesting an Accommodation

60. Plaintiff incorporates by reference herein the preceding paragraphs of this complaint.

61. At all times material hereto, Plaintiff was a qualified individual with a "disability" within the meaning of the ADA, as amended by the ADAA, as defined at 42 U.S.C. § 12102(2), 29 C.F.R. § 1630.2(g), in that she has a physical impairment that limits one or more of her major life activities, and that she was capable of performing the essential functions of her job with a reasonable accommodation.

62. Plaintiff advised Defendant of her need for a reasonable accommodation in the form of a leave of absence for 30 days in order to attend an impatient treatment program.

63. Defendant failed to engage in an interactive process with Plaintiff and failed to provide a reasonable accommodation.

64. Defendant terminated Ms. Diaz while she was receiving in patient treatment for her disability.

**WHEREFORE**, Plaintiff, Julie Diaz, respectfully requests judgment in her favor and against Defendant, Saucon Valley, for compensatory and punitive damages in an

10

amount exceeding One Hundred Fifty Thousand ($150,000) Dollars, plus costs of this action, reimbursement of back pay with interest, front pay, attorney's fees, and such other relief as the Court may deem just, proper, and appropriate in the circumstances of this case.

## COUNT IV

### PLAINTIFF'S CLAIMS UNDER THE PENNSYLVANIA HUMAN RELATIONS ACT (43 P.S. §951, et seq.) AGAINST DEFENDANT SAUCON VALLEY

**Failure to Accommodate and Retaliation for Requesting an Accommodation**

65.     Plaintiff incorporates by reference herein the preceding paragraphs of this complaint.

66.     At all times material hereto, Plaintiff was a qualified individual with a "disability" within the meaning of the Pennsylvania Human Relations Act, in that she has a physical impairment that limits one or more of her major life activities, and that she was capable of performing the essential functions of her job with a reasonable accommodation.

67.     Plaintiff advised Defendants of her need for a reasonable accommodation in the form of a leave of absence for 30 days in order to attend an impatient treatment program.

68.     Defendants failed to engage in an interactive process with Plaintiff and failed to provide a reasonable accommodation.

69.     Defendant terminated Ms. Diaz while she was receiving in patient treatment for her disability.

**WHEREFORE**, Plaintiff, Julie Diaz, respectfully requests judgment in her favor and against Defendant, Saucon Valley for compensatory and punitive damages in an

11

amount exceeding One Hundred Fifty Thousand ($150,000) Dollars, plus costs of this action, reimbursement of back pay with interest, front pay, attorney's fees, and such other relief as the Court may deem just, proper, and appropriate in the circumstances of this case.

## COUNT V

### PLAINTIFF'S CLAIMS UNDER THE FAMILY AND MEDICAL LEAVE ACT OF 1993, 29 U.S.C. § 2601 et seq. AGAINST ALL DEFENDANTS

70.     Plaintiff incorporates by reference the preceding paragraphs of this Complaint.

71.     The Family Medical Leave Act 29 U.S.C. § 2615(a)(2)("FMLA") makes it unlawful for an employer to interfere with an employee's right to take a leave of absence under the FMLA.

72.     On information and belief, Defendants' actions in terminating Ms. Diaz less than 30 days after she went on FMLA leave was intended to interfere with Ms. Diaz's right to take the leave.

73.     The Family Medical Leave Act 29 U.S.C. § 2615(a)(2)("FMLA") makes it unlawful for an employer to retaliate against an employee because the employee has taken or sought a leave under FMLA.

74.     Ms. Diaz was subjected to adverse action in that her employment was terminated because she took a leave of absence to which she was entitled under FMLA.

75.     Defendant, Ms. Atiyeh, as President of Saucon Valley, acted in the interest of her employer Saucon Valley with regard to the actions she took concerning Ms. Diaz. Ms. Atiyeh was in whole or in part responsible for the decision to terminate Ms. Diaz and

for the notification of Plaintiff's termination in violation of the Family Medical Leave Act, 29 U.S.C. § 2601, et seq.

76.    Defendants' deliberate retaliation and interference is a violation of the Family Medical Leave Act, 29 U.S.C. § 2601, et seq. This conduct has caused Plaintiff to suffer emotional distress, mental anguish, monetary loss, wage loss, loss of self-esteem, personal humiliation, and loss of enjoyment of life.

77.    **WHEREFORE**, Plaintiff, Julie Diaz, respectfully requests judgment in her favor and against Defendants, in their joint and several capacities, for compensatory and punitive damages in an amount exceeding One Hundred Fifty Thousand ($150,000) Dollars, plus costs of this action, reimbursement of back pay with interest, front pay, attorneys fees, and such other relief as the Court may deem just, proper, and appropriate in the circumstances of this case.

## COUNT VI

### PLAINTIFF'S CLAIMS UNDER § 504 OF THE REHABILITATION ACT OF 1973, 29 U.S.C.A. § 794 AGAINST ALL DEFENDANTS

78.    Plaintiff incorporates by reference the preceding paragraphs of this Complaint.

79.    Ms. Diaz is an individual with a disability within the meaning of the Rehabilitation Act of 1973, 29 U.S.C.A. § 705(20), in that her alcoholism is an impairment, which substantially limits one or more of her major life activities.

80.    As of June 2010, the plaintiff was a qualified person within the meaning of § 504 of the Rehabilitation Act of 1973, 29 U.S.C.A. § 794, in that she could perform the essential functions of her position as a cook despite the disability.

13

81.     By failing to accommodate Plaintiff's disability, the defendant, under color of law, violated § 504.

82.     In failing to accommodate Plaintiff's disability, Defendant acted with malice.

83.     **WHEREFORE**, Plaintiff, Julie Diaz, respectfully requests judgment in her favor and against Defendants, in their joint and several capacities, for compensatory and punitive damages in an amount exceeding One Hundred Fifty Thousand ($150,000) Dollars, plus costs of this action, reimbursement of back pay with interest, front pay, attorneys fees, and such other relief as the Court may deem just, proper, and appropriate in the circumstances of this case.

**HARDWICK COLLIER, LLC**

BY: _____

**TIFFANIE C. BENFER, ESQUIRE**
Attorneys for Plaintiff

Dated: January 26, 2012

14