IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JULIE DIAZ, | : | |
| Plaintiff, | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| SAUCON VALLEY MANOR, INC., et al. | : | No. 12-0433 |
| Defendants. | : | |

FILED

AUG 27 2013

MICHAEL E. KUNZ, Clerk
By _____ Dep. Clerk

## MEMORANDUM OPINION

**TIMOTHY R. RICE**  **August 27, 2013**
**U.S. MAGISTRATE JUDGE**

Following a five-day trial, the jury concluded that Defendants Saucon Valley Manor, Inc. ("Saucon") and Nimita Kapooratiyeh, a/k/a Nemita Atiyeh, a/k/a Nemo Aiyah ("Atiyeh") (collectively "Defendants") violated the Family Medical Leave Act of 1993, 29 U.S.C. § 2601 et seq. ("FMLA") by interfering with Plaintiff Julie Diaz' right to take a leave of absence, but not by retaliating against her for seeking a leave of absence, and awarded her $9,296.04 in back-pay damages. See Verdict Slip (doc. 67). The jury also concluded that Saucon violated the Americans with Disabilities Act, 42 U.S.C. § 12101 et seq. ("ADA"), the Pennsylvania Human Relations Act, 43 P.S. § 951 et seq. ("PHRA"), and § 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794 ("Rehabilitation Act") by discriminating and retaliating against Diaz because of her disability, and awarded her $25,000 in compensatory damages and $75,000 in punitive damages.[1] See id.

---

[1] Diaz' Rehabilitation Act claim concerned solely Saucon's failure to accommodate her disability. See Am. Compl. (doc. 6), Count VI. Because this claim involve the same elements as Diaz' ADA and PHRA failure to accommodate claims, it is referenced with those claims. See Taylor v. Phoenixville Sch. Dist., 184 F.3d 296, 306, 312 (3d Cir. 1999) (applying ADA standards to failure to accommodate claims under PHRA and Rehabilitation Act).

The parties agreed I would decide Diaz' ADA and PHRA retaliation claims and the appropriate amount of wages and benefits to be awarded to Diaz for Saucon's ADA and PHRA violations. See Sabbrese v. Lowe's Home Centers, Inc., 320 F. Supp. 2d 311, 331 (W.D. Pa. 2004); Spencer v. Wal-Mart Stores, Inc., 469 F.3d 311, 316 (3d Cir. 2006). The parties have briefed the outstanding issues, as well as whether pre-judgment interest and liquidated damages are appropriate.

For the following reasons, I deny Defendants' motion to strike Diaz' arguments concerning her PHRA retaliation claim, pre-judgment interest, and liquidated damages, award judgment in favor of Saucon on Diaz' ADA and PHRA retaliation claims, deny Diaz' request for double recovery of damages under the ADA and PHRA for lost wages and benefits, award Diaz $1,388.58 in pre-judgment interest, and awarded Diaz $10,684.62 in liquidated damages.

A. Defendants' Motion to Strike

Defendants move to strike Diaz' arguments concerning her PHRA retaliation claim, pre-judgment interest, and liquidated damages, because I did not require briefing on these issues in the July 31, 2013 Order concerning briefing from the parties. See 7/31/2013 Order (doc. 71). Because these issues were within the scope of the issues included in the Order, i.e., issues that I needed to resolve before a final judgment could be entered, and because Defendants have responded to them, Defendants will not be prejudiced by my resolution of those claims. Defendants' motion is denied.

B. ADA and PHRA Retaliation Claims

Consistent with the jury's verdict on Diaz' FMLA retaliation claim, I find that Saucon Valley did not violate the ADA and PHRA by retaliating against Diaz for seeking a leave of

absence.[2] To prevail on her ADA and PHRA retaliation claims, Diaz needed to establish that: (1) she engaged in protected activity, such as by seeking a leave of absence; (2) Saucon took adverse action against her; and (3) a causal connection between the protected activity and the adverse action. See Shellenberger v. Summit Bankcorp, Inc., 318 F.3d 183, 187-88 (3d Cir. 2003); Krouse v. Am. Sterilizer Co., 126 F.3d 494, 500 (3d Cir. 1997). Although Saucon terminated Diaz at the time she began a 28-day alcohol abuse treatment program, it was not because she went into that program and needed a leave of absence from work. Saucon commonly accommodated employees by allowing them to take unpaid leaves of absence for medical reasons and agreed that it would not have been unduly burdensome for on the company for Diaz to take a 28-day leave of absence. As the jury properly found, Saucon wrongfully terminated Diaz because of her alcoholism, not because of her request for a leave of absence. Thus, I award judgment for Saucon on Diaz' ADA and PHRA retaliation claims.[3]

C.  ADA and PHRA Wages and Benefits Award

Diaz asserts that the appropriate amount of damages for her lost wages and benefits based on Saucon's ADA and PHRA violations is $9,296.04. Defendants do not dispute this amount.

---

[2] Defendants argue that Diaz has withdrawn and abandoned her PHRA retaliation claim. Although Diaz withdrew her PHRA retaliation claim, this Court subsequently reinstated it. See 3/15/2013 Praecipe to Withdraw (doc. 27); 4/5/13 Order (doc. 30). Furthermore, contrary to Defendants' claim, Diaz continued to pursue her PHRA retaliation claim after it was reinstated. See Diaz' Pre-Trial Memorandum (doc. 50), at 2 (noting PHRA retaliation claim); Diaz' Proposed Verdict Slip (doc. 51), at 6 (stating PHRA claims mirror ADA claims).

[3] Even if I entered judgment for Diaz on her ADA and PHRA retaliation claims, it would not impact her damages award because she would be entitled to the same compensatory damages found by the jury. Although Diaz argues that she would be entitled to additional damages to compensate her for humiliation and mental distress under the PHRA, I find that these damages were included in the jury's compensatory damages award against Saucon based on its violations of the ADA and PHRA. See Jury Instructions, Part II, Substantive Law at 21-24.

Nevertheless, because the jury has awarded Diaz these damages for Saucon's FMLA violation and Diaz cannot obtain double recovery for these damages, Diaz is not seeking and cannot recover additional lost wages and benefits based on Saucon's ADA violations.

D. Pre-judgment Interest

Diaz also seeks pre-judgment interest for her back-pay damages of $9,296.04. Although she cannot receive double recovery for those damages, she requests double the amount of interest: (1) interest based on the Pennsylvania statutory rate for Saucon's PHRA violations,[4] and (2) interest based on the federal prevailing rate for Defendants' FMLA and ADA violations.

I have the discretion to award pre-judgment interest on back-pay damages under the PHRA and ADA. See Marra v. Phila. Housing Auth., 404 F. Supp. 2d 839, 848 (E.D. Pa. 2005); Herman v. City of Allentown, 985 F. Supp. 569, 581 (E.D. Pa. 1997). The FMLA also requires the inclusion of such interest. 29 U.S.C. § 2617(a)(1)(A)(iii).

Diaz, however, is not entitled to double pre-judgment interest. Pre-judgment interest "serves to compensate a plaintiff for the loss of the use of money that [she] otherwise would have earned had [she] not been unjustly discharged." Booker v. Taylor Milk Co., Inc., 64 F.3d 860, 868 (3d Cir. 1995). Moreover, "[t]o fulfill this [make-whole] purpose, prejudgment interest should be 'given in response to considerations of fairness [and] denied when its exaction would be inequitable.'" Id. (citing Green v. USX Corp., 843 F.2d 1511, 1531 n.16 (3d Cir. 1988)). Although Defendants violated various laws, Diaz can recover only one award of back-pay

---

[4] Defendants argue that pre-judgment interest is not appropriate based on their violations of the ADA and PHRA because Diaz did not seek back-pay damages for those violations. However, the parties agreed that these damages would be decided by me based on federal law requiring back-pay damages for ADA violations to be decided by the court. See supra at 2. The jury also was instructed that I would decide the amount of these damages if they found Saucon violated the ADA and PHRA, which they did.

damages. She similarly is entitled to only one award of interest. Doubling the interest would be inequitable because it assumes Diaz can recover double for her lost back-pay and was without this double amount since her termination. Nevertheless, to properly compensate Diaz for the fact that she was entitled to back-pay under both state and federal law, I will award interest at the average of the Internal Revenue Service adjusted prime rate, as provided in 26 U.S.C. § 6621, which equals approximately 3.5%, and the Pennsylvania rate of 6%, for a blended rate of 4.75%. See Jadwin v. Cnty. of Kern, 767 F. Supp. 2d 1069, 1096-97 (E.D. Cal. 2011) (using average of federal and state interest rates when back-pay damages could have been awarded under federal or state law). Applying this rate on a yearly basis to Diaz' back-pay damages award, she is entitled to $1,388.58 in interest.

    E. FMLA Liquidated Damages

Diaz also seeks liquidated damages for Defendants' FMLA violations. The FMLA provides that any employer who violates the Act "shall be liable" for "an additional amount as liquidated damages" equal to the sum of the lost wages and benefits award and any interest on that award. 28 U.S.C. § 2617(A). A court may, in its discretion, exclude such liquidated damages only if the employer proves its FMLA violation "was in good faith" and it "had reasonable grounds" for believing that it was not violating the FMLA. Id. "To satisfy the subjective good faith requirement, the employer must establish an honest intention to ascertain and follow the dictates of the [statute]." Bowyer v. Dish Network, No. 08-1496, 2010 WL 629830, at *7 (W.D. Pa. Feb. 19, 2010).

Defendants argue liquidated damages are inappropriate because they acted in good faith by taking steps to ascertain whether Diaz sought an FMLA leave of absence and granted leaves

of absence to other employees, including Diaz, in the past. I disagree.

Defendants failed to properly train its directors and supervisors about employees' rights under the FMLA. As a result, when Diaz informed her supervisor, Cindy Fox, that she would need a leave of absence to enter a treatment program, Fox was unable to properly advise Diaz of her FMLA rights and how she could effectively exercise those rights at Saucon. Similarly, although Carolyn Hirsh, Saucon's Human Resources director, believed that Diaz may have been entitled to a leave of absence under the FMLA if she had entered a 28-day rehabilitation program, as suggested in Atiyeh's June 22, 2010 note, she did nothing. This is not surprising given Hirsh's lack of meaningful experience and training.[5] Thus, Defendants failed to take the appropriate "affirmative steps" needed to ascertain and comply with the Act's requirements, and failed to establish that they acted in good faith when they interfered with Diaz' right to take FMLA leave. See id.

Diaz is entitled to liquidated damages of $10,684.62 based on the sum of her back-pay damages and interest awards.

BY THE COURT:

_____
TIMOTHY R. RICE
United States Magistrate Judge

---

[5] Hirsh possessed no advanced degree in Human Resources and work part-time at a retail store.